**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-1670**

_____

OSCAR HERNANDEZ MUCIA, a/k/a Oscar Hernandez Murcia,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: September 27, 2022                    Decided: November 29, 2022

_____

Before NIEMEYER, HARRIS, and HEYTENS, Circuit Judges.

_____

Petition for review denied by unpublished per curiam opinion.

_____

**ON BRIEF:** Jillian Blake, BLAKE IMMIGRATION LAW, PLLC, Alexandria, Virginia, for Petitioner. Brian M. Boynton, Acting Assistant Attorney General, Holly M. Smith, Assistant Director, Sarah K. Pergolizzi, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oscar Hernandez Mucia seeks review of the Board of Immigration Appeals' dismissal of his challenge to the denial of withholding of removal and protection under the Convention Against Torture. The key issue is whether the immigration judge sufficiently explained her finding that Hernandez Mucia was competent to participate in the withholding proceedings. Because we hold the immigration judge did so, Hernandez Mucia's other arguments—which presume a lack of competence and contend it entitled him to counsel as a matter of due process and to more leeway on credibility—are unavailing, and the petition must be denied.

As Hernandez Mucia's withholding application was pending, his lawyer moved to withdraw and asked the immigration judge to assess Hernandez Mucia's competence. The judge granted the motion and scheduled a competency hearing with time for the government to review Hernandez Mucia's medical records and other relevant evidence. At the first competency hearing, a new immigration judge referenced review of "considerable medical records" and spoke with Hernandez Mucia about his background, current condition, and understanding of the proceedings. AR 184, 187–98. The immigration judge referred directly to those records during the hearing and had a colloquy with Hernandez Mucia about them. Hernandez Mucia then had a similar exchange with the government's lawyer.

Recognizing "competency . . . can be fluid," the immigration judge held a second competency hearing out of an "abundance of caution." AR 208. During the second hearing, the judge described reviewing of additional evidence, including "updated medical records,"

2

a letter from Hernandez Mucia, and "letters from other detainees with their observations about [Hernandez Mucia's] behavior." AR 212. The judge and government attorney then had another exchange with Hernandez Mucia about his ailments and efforts to find pro bono counsel. After doing so, the judge concluded: "I've reviewed, in detail, all of the additional new documents that were provided and, based on my review of the record and the respondent's responses today, I'm going to make a second finding that he is competent to represent himself." AR 227.

Competency is a "factual finding" that this Court "treat[s] as conclusive unless the evidence presented was such that any reasonable adjudicator would have been compelled to conclude to the contrary." *Diop v. Lynch*, 807 F.3d 70, 75 (4th Cir. 2015) (quotation marks omitted). An immigration judge assessing competency must determine "whether the respondent (1) 'has a rational and factual understanding of the nature and object of the proceedings,' (2) 'can consult with the attorney or representative if there is one,' and (3) 'has a reasonable opportunity to examine and present evidence and cross-examine witnesses.'" *Id.* (quoting *In re Matter of M-A-M-*, 25 I. & N. Dec. 474, 479 (B.I.A. 2011)). After weighing those factors, an immigration judge must "articulate [the competency] determination and . . . reasoning." *M-A-M-*, 25 I. & N. Dec. at 481.

In *Diop*, this Court deemed sufficient an explanation for a competency finding that closely tracks what the immigration judge said here. In that case, the immigration judge

3

found the petitioner competent "based on [an in-court] exchange, [] counsel's representations, and the record as a whole." *Diop*, 807 F.3d at 74.

If anything, the record here reflects a more thorough consideration of the non-citizen's possible incompetency than in *Diop*. In this case, the immigration judge held two competency hearings accompanied by medical records and other evidence, and on both occasions the immigration judge found Hernandez Mucia competent "based on [a] review of the record and [his] responses" to live questioning. AR 203, 227. In upholding that factual assessment for lack of clear error, the Board of Immigration Appeals noted "that the Immigration Judge found [Hernandez Mucia] competent on two separate hearings and that the record shows the applicant meaningfully participated in the proceedings." AR 5. Given this record, neither the immigration judge nor the Board had to say more.

The record also adequately supports the immigration judge's competency finding. Hernandez Mucia had symptoms of post-traumatic stress disorder, and sometimes heard voices, saw shadows, and suffered night terrors. But there is no indication those symptoms inhibited his ability to understand the nature and purpose of the withholding proceedings, consult an attorney, or submit evidence. In fact, Hernandez Mucia worked with an advocacy group to submit an affidavit and supporting declarations about his mental health, and engaged with the immigration judge during both competency hearings. There were some things Hernandez Mucia did not remember or grasp at first (for example, the role of the government attorney), but he appeared to understand those matters after a colloquy with

4

the immigration judge. See *Diop*, 807 F.3d at 73–74 (concluding that similar colloquy with immigration judge supported competence).

*      *      *

Due process requires appropriate safeguards for those who are "unable to participate meaningfully in [their] removal proceedings." *Diop*, 807 F.3d at 76; see 8 U.S.C. § 1229a(b)(3). But the immigration judge found Hernandez Mucia could meaningfully participate in the withholding proceedings, and that finding was adequately explained and supported by substantial evidence. Because all of Hernandez Mucia's claims on appeal rest on a challenge to the immigration judge's competency finding, his petition for review is

*DENIED.*